UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOLLY T.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | CASE NO. 3:23-CV-5295-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) for judicial review of Defendant's denial of her application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). [1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide legally sufficient reasons for finding the opinion of Neal F. Moody, Jr., PA-C, unpersuasive. Had the ALJ properly considered this opinion, Plaintiff's residual functional capacity ("RFC") may have included additional

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

I. **Factual and Procedural History**

On January 25, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning January 22, 2021. Dkt. 5, Administrative Record ("AR") 15, 296–309. After her applications were denied at the initial level and on reconsideration, Plaintiff requested a hearing before an ALJ. AR 15, 154–55, 186, 197, 224–26. Plaintiff was represented by counsel at the hearing, which took place on February 22, 2022. AR 15, 81. The ALJ issued an unfavorable decision on April 21, 2022. AR 12–28. The Appeals Council denied Plaintiff's request for review. AR 1. Plaintiff then appealed to this court. Dkt. 1.

II. **Standard of Review**

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Evidence is "substantial" when it is "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"[T]he ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020)

(quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Accordingly, "[e]ven if the evidence is 'susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). However, ALJs must "set forth the reasoning behind [their] decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). "A clear statement of the agency's reasoning is necessary because [the Court] can affirm the agency's decision to deny benefits only on the grounds invoked by the agency." *Id.*

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III. Discussion

Plaintiff argues that the ALJ did not properly consider certain medical opinion evidence and failed to support his findings with substantial evidence. *See* Dkt. 7.

#### A. *Medical Opinion Evidence Standard*

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff filed her claim after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical

finding(s). . . ." *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th 785 at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

### B. *Neal F. Moody, Jr., PA-C*

On July 26, 2021, rheumatology physician assistant Neal F. Moody, Jr., completed an "arthritis medical source statement" regarding Plaintiff. AR 1324. He indicated that he had seen Plaintiff every three months since August 24, 2015, most recently on May 3, 2021. *Id.* His list of Plaintiff's diagnoses included non-radiographic axial spondyloarthropathy and fibromyalgia, among others. *Id.* Mr. Moody wrote that Plaintiff complained of symptoms including fatigue, widespread muscle pain, throbbing pain of axial skeleton, stiffness, and pain of peripheral joints,

which she had rated as nine out of ten at her most recent visit. *Id.* He checked boxes corresponding to the following "positive objective signs:" reduced range of motion in Plaintiff's lumbar and cervical spine, myofascial trigger points, fibromyalgia tender points, impaired sleep, tenderness, reduced grip strength, and abnormal gait. *Id.*

Based on these impairments, Mr. Moody indicated that Plaintiff would have various functional limitations if placed in a competitive work situation. AR 1325–27. These restrictions included significant limitations with reaching, handling, or fingering objects. AR 1326. Mr. Moody estimated that, during an eight-hour working day, Plaintiff could only grasp, turn, or twist objects fifteen percent of the time, perform fine manipulations twenty percent of the time, and reach in front of her body or overhead ten percent of the time. AR 1327.

The ALJ found this opinion unpersuasive. AR 25. He wrote that Mr. Moody's statements were "inconsistent with the record, unexplained, inadequately supported, brief, and conclusory." *Id.* The ALJ stated that the "check-box form" completed by Mr. Moody contained "insufficient explanation for the severe limitations, such as manipulative limitations that are unexplained." *Id.* He also found that the limitations were inconsistent with Plaintiff's "physical examinations throughout the period at issue, which show intact upper and lower extremity strength, no focal motor deficits, and normal gait," as well as with Plaintiff's recent work activity as a part-time cashier and stocker. *Id.*

Plaintiff contends that the ALJ erred in his consideration of Mr. Moody's opinion. Dkt. 7 at 2. Among other arguments, she points out that, although the ALJ found inadequate support for the opined severe manipulative limitations, the ALJ appeared to adopt some limitations based on Plaintiff's spondylarthritis. *Id.* at 3. The ALJ's decision contains an internal inconsistency on this point. When summarizing Plaintiff's musculoskeletal impairments, the ALJ stated that Plaintiff's

"spondylarthritis is accommodated with limited handling and fingering[.]" AR 24. However, in the RFC, the ALJ wrote that Plaintiff "can perform frequent bilateral handling and fingering." AR 21. The decision does not include any explanation of this discrepancy.

The Court reviews the ALJ's decision in its entirety to determine whether the ALJ has adequately explained their conclusions. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022). Because the ALJ's decision contains contradictory statements without explaining the basis for the contradiction, the Court cannot assess whether the ALJ properly evaluated Mr. Moody's opinion on Plaintiff's manipulative limitations. Accordingly, the ALJ erred. This error was not harmless because, had the ALJ been persuaded by Mr. Moody's opined severe limitations, the RFC may have included additional limitations regarding Plaintiff's capabilities in a work setting.

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 16th day of November, 2023.

David W. Christel
Chief United States Magistrate Judge